Ryan L. McBride (SBN 50751)
ryan@kazlg.com
**Kazerouni Law Group, APC**
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

Abbas Kazerounian (SBN 48522)
ak@kazlg.com
**Kazerouni Law Group, APC**
245 Fischer Ave., Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

Joshua B. Swigart, Esq. (SBN 49422)
josh@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio S., Ste. 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

# United States District Court
# Eastern District of Washington

| | |
|---|---|
| Jasmine McGilvra,<br><br>Plaintiffs,<br><br>v.<br><br>Abbott & Rose Associates, LLC,<br><br>Defendant | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**Jury Trial Demanded** |

Plaintiff, JASMINE MCGILVRA ("Plaintiff"), alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1.    The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and often an invasion of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3.    Plaintiff brings this action seeking damages and any other available legal or equitable remedies resulting from the illegal actions of defendant, ABBOTT & ROSE ASSOCIATES, LLC ("Defendant"), in negligently, knowingly, and/or willfully making material misrepresentations to Plaintiff, among other abusive acts, in violation of the FDCPA.

4.    While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5.    Unless otherwise stated, all of the conduct engaged in by Defendant took place in Washington.

6.    Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

7.    Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURISDICTION & VENUE**

8.     This Court has federal question jurisdiction over this matter because this action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.*, which is a federal statute.

9.     This Court has personal jurisdiction over Defendant because Defendant conducts substantial business within this judicial district. Thus, Defendant has sufficient minimum contacts within this State and district, and otherwise purposefully avails itself of the markets in this State to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

10.     Venue is proper in the United States District Court for the District of Eastern Washington, pursuant to 28 U.S.C. § 1391, for the following reasons: (1) a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this judicial district; and (2) Defendant is subject to personal jurisdiction by this Court because Defendant conducts business in the State of Washington and regularly conducts business within this judicial district.

**PARTIES**

11.     Plaintiff is a natural person residing in the State of Washington, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

12.     At all relevant times herein, Defendant was a collection agency engaged, by use of the mails and telephone, in the business of collecting a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).  Defendant regularly attempted to collect a debt alleged to be due by Plaintiff, and is therefore a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

13.     This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" and a "debt" as those terms are defined by 15 U.S.C. §1692a(5).

**FACTUAL ALLEGATIONS**

14.     Sometime prior to March 2019, Plaintiff allegedly incurred certain financial obligations.

15.     These alleged financial obligations were money, property, or their equivalent, for personal, family and/or household purposes, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt[s]" as that term is defined by 15 U.S.C. §1692a(5).

16.     Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.

17.     Plaintiff disputes the validity of Plaintiff's alleged debt.

18.     Subsequently, but sometime prior to March 2019, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

19.     On or around March 7, 2019, Defendant's representative Lacy Stevens, called Plaintiff in an attempt to collect on the alleged debt from the telephone number (877) 225-1282.

20.     Plaintiff is informed and believes the telephone number (877) 225-1282 belongs to Defendant.

21.     On this March 7, 2019 phone call with Plaintiff, Ms. Stevens told Plaintiff that Defendant intended on serving Plaintiff at her place of employment and that Plaintiff should have a manager there to accept the documents.

22.     On March 8, 2019, Ms. Stevens called from the telephone number (877) 225-1282 and left a voicemail for Plaintiff that indicated Ms. Stevens was in Plaintiff's "jurisdiction" and that Ms. Stevens intended on delivering "legal documents" to Plaintiff at Plaintiff's place of employment shortly.

23.     on the March 8, 2019 phone call, Ms. Stevens further indicated that she would be attempting to make contact with Plaintiff's manager or supervisor that would need to be made available at the time of service.

24.    On the March 8, 2019 phone call, Ms. Stevens indicated that Plaintiff would need to have a valid form of identification and that if Plaintiff had any concerns, Plaintiff should call Defendant at (877) 225-1282.

25.    Finally, on the March 8, 2019 phone call, Ms. Stevens provided Plaintiff with a case number CPLR4355 and told Plaintiff this was her final notification.

26.    Ms. Stevens never showed up at Plaintiff's place of employment.

27.    Plaintiff was never served with a lawsuit by Ms. Stevens or by any other representative of Defendant.

28.    There were numerous misrepresentations provided by Defendant's representative, Ms. Stevens, in Ms. Stevens March 7, 2019 phone conversation and March 8, 2019 voicemail to Plaintiff.

29.    Plaintiff is informed and believes there is not an active court case against Plaintiff involving Defendant.

30.    Plaintiff is informed and believes Ms. Stevens was not in Plaintiff's "jurisdiction" on March 7, 2019 and March 8, 2019.

31.    Plaintiff is informed and believes the "legal documents" that Ms. Stevens referred to in her voicemail are non-existent.

32.    Plaintiff is informed and believes that Ms. Stevens never intended on serving Plaintiff with legal documents.

33.    As a result of Defendant's representative's abusive behavior, Defendant's conduct had the natural consequence of which is to harass, oppress, and abuse Plaintiff in violation 15 U.S.C. §§1692d and 1692d(2).

34.    As a result of Defendant's representative's threat of unauthorized disclosure of Plaintiff's debt to Plaintiff's manager or supervisor, Defendant violated 15 U.S.C. §§1692e(5).

35.    As a result of Defendant's false threat to serve a lawsuit upon Plaintiff, Defendant violated 15 U.S.C. §§1692e, 1692e(5), 1692e(10), and 1692f.

36.    Further, Defendant is not a licensed collection agency in the State of Washington.

37.    Under Washington law, Defendant is required to have a license to collect debts in the State of Washington.

38.    By operating as a collection agency without a license, Defendant violated 15 U.S.C. § 1692e(5) by attempting to collect a debt when Defendant was not legally authorized to do so.

39.    By engaging, either directly or indirectly, in the business of collecting or receiving payment for others of any account, bill, claim or other indebtedness, in the State of Washington, without first obtaining a license, Defendant violated 15 U.S.C. § 1692e(5) by attempting to collect a debt when Defendant was not legally authorized to do so.

40.    By attempting to collect the alleged debt from Plaintiff, Defendant falsely represented the legal status of the debt collector and used deceptive means to imply that Plaintiff was obligated to pay the debt in violation of 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10).

41.    By attempting to collect the alleged debt from Plaintiff, Defendant acted in violation of 15 U.S.C. § 1692f(1) by attempting to collect a debt not permitted by law.

42.    As a result of Defendant's conduct set forth above, Plaintiff suffered damages in the form of mental anguish and emotional distress, which manifested in symptoms including but not limited to frustration, anxiety, loss of sleep, embarrassment, and shame.

## COUNT I:

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C §§ 1692, *ET SEQ.*

43.    Plaintiff hereby incorporates the preceding paragraphs as if set forth in full.

44. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692, *et seq.*

45. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in an amount up to $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants.

## PRAYER FOR RELIEF

46. Wherefore, Plaintiff respectfully requests that the Court grant Plaintiff the following relief against Defendant:

## COUNT I:

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C §§ 1692, *ET SEQ.*

1. an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. an award of statutory damages up to $1,000.00, pursuant to 15 U.S.C. § 1692k;

3. an award of reasonable attorneys' fees and costs of suit, pursuant to 15 U.S.C. § 1692k(a)(3); and

4. any other such relief as this Court may deem necessary, just, and proper.

///
///
///
///
///
///
///

1

## <u>TRIAL BY JURY</u>

2

    47. Pursuant to the seventh amendment to the Constitution of the United

3

States of America, Plaintiff is entitled to, and hereby demands, a trial by

4

jury.

5

6

Respectfully submitted,

7

                            **Kazerouni Law Group**

8

9

Date: April 3, 2019                By: ***/s/ Ryan L. McBride***

10

                            Ryan L. McBride, Esq.

Attorneys for Plaintiff

11

12

                            ryan@kazlg.com

**Kazerouni Law Group, APC**

13

2633 E. Indian School Road, Ste. 460

Phoenix, AZ 85016

14

Telephone: (800) 400-6808

Facsimile:  (800) 520-5523

15

Attorneys for Plaintiff

16

17

18

19

20

21

22

23

24

25

26

27

28