FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 28, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JASMINE MCGILVRA, <br><br> Plaintiff, <br><br> v. <br><br> ABBOTT & ROSE ASSOCIATES, LLC, <br><br> Defendant. | No. 1:19-cv-00106-SAB <br><br> **ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** |

Before the Court is Plaintiff's Motion for Default Judgment, ECF No. 6. Plaintiff is represented by Ryan McBride. Defendant has not appeared. The motion was decided without oral argument. In her Motion, Plaintiff requests that the Court enter default judgment in her favor and award damages and attorney's fees pursuant to the Fair Debt Collection Practices Act (FDCPA). *See* ECF No. 8. Having considered the motion and relevant caselaw, the Court **grants** Plaintiff's Motion for Default Judgment.

**Factual and Procedural Background**

Plaintiff alleges that Defendant violated the FDCPA by making material misrepresentations to Plaintiff in connection with the collection of an alleged debt. ECF No. 1 at 2. On March 7, 2019, Plaintiff received a call from Lacy Stevens, Defendant's representative, attempting to collect on a debt of Plaintiff that had been transferred to Defendant. *Id.* at 4. In this call, Ms. Stevens told Plaintiff that

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** \* 1

Defendant intended on serving Plaintiff at her place of employment and that Plaintiff should have a manager present to accept the documents. *Id.* On March 8, Ms. Stevens left a voicemail for Plaintiff indicating Ms. Stevens was in Plaintiff's "jurisdiction" and that she intended to deliver the "legal documents" at Plaintiff's place of employment that day. *Id.* Ms. Stevens also indicated that she would attempt to contact Plaintiff's manager so that they should be made available at the time of service. *Id.* Ms. Stevens also told Plaintiff in the voicemail that she would need a valid form of identification, provided Plaintiff with a case number, and told Plaintiff this was her final notification. *Id.* at 5. Ms. Stevens never showed up at Plaintiff's workplace, nor has Plaintiff been served with a lawsuit by Ms. Stevens or any other representative of Defendant. *Id.*

Plaintiff believes that there is no active court case against her involving Defendant, that Ms. Stevens was not in her "jurisdiction" on March 7 and 8, that the "legal documents" referred to in the phone calls are nonexistent, and that Ms. Stevens never intended on serving Plaintiff with legal documents. *Id.* Plaintiff therefore alleges a myriad of violations under 15 U.S.C. §§ 1692d, 1692e, and 1692f related to these phone calls from Ms. Stevens.

Plaintiff filed her complaint on April 3, 2019. On April 12, 2019, Defendant was properly served a copy of the summons and complaint. ECF No. 6, Ex. A. Plaintiff's counsel mailed a letter to Defendant requesting that Defendant file a response. ECF No. 6, Ex. B. In response, Defendant's representative indicated that he was aware of the lawsuit. ECF No. 6, Ex. C. However, Defendant never filed an answer and Plaintiff's Motion for Default was granted by the Clerk of Court on July 29, 2019. Plaintiff seeks the statutory maximum award of $1,000 in addition to attorney's fees and costs.

## Standard

Motions for entry of default judgment are governed by Federal Rule of Civil Procedure 55(b). If the plaintiff is seeking damages in a "sum certain," then the

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT * 2**

Clerk may enter default judgment; otherwise, if there is any doubt as to the sum of damages due the plaintiff, the court must enter default judgment. *Franchise Holding, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 929 (9th Cir. 2004). The entry of default judgment under Rule 55(b) is "an extreme measure." *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1170 (9th Cir. 2002). "As a general rule, default judgements are disfavored; cases should be decided upon their merits whenever reasonably possible." *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009). In determining whether to enter default judgment, a court should consider the following factors: "(1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). All well pleaded allegations in a complaint are deemed admitted on a motion for default judgment. *In re Visioneering Const.*, 661 F.2d 119, 124 (9th Cir. 1981).

Plaintiff also requests attorney's fees and costs in her motion for default judgment. The FDCPA provides that a prevailing party be awarded attorney's fees and costs. 15 U.S.C. § 1692k(a)(3). The Supreme Court has defined a prevailing party as a party in whose favor a judgment is rendered. *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Res.*, 532 U.S. 598, 603 (2001). Thus, if the Court grants Plaintiff's motion for default judgment, then she is a prevailing party and is entitled to costs and fees under § 1692k(a)(3). *See Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1032 (9th Cir. 2012) (noting that awards of attorney's fees and costs to the prevailing party are mandatory under the FDCPA).

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT * 3**

In the Ninth Circuit, attorney's fees under the FDCPA are calculated using the lodestar method. *Id.* at 1033. The lodestar method calculates fee by multiplying the hours reasonable expended by an allowed hourly rate. The burden is on the applicant to prove that the fee request is reasonable. *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). After computing the lodestar, the district court must consider twelve factors in determining whether the amount requested is reasonable. These factors include:

(1) the time and labor required;
(2) the novelty and difficulty of the questions involved;
(3) the skill requisite to perform the legal service properly;
(4) the preclusion of other employment due to acceptance of the case;
(5) the customary fee;
(6) whether the fee is fixed or contingent;
(7) time limitations imposed by the client or the circumstances;
(8) the amount involved and results obtained;
(9) the experience, reputation, and ability of the attorneys;
(10) the undesirability of the case;
(11) the nature and length of the professional relationship with the client; and
(12) awards in similar cases. *Morales*, 96 F.3d at 363, n. 8. The court's determination of these factors could justify an upward or downward adjustment from the lodestar figure. *Id.*

**Discussion**

Based on the balance of the *Eitel* factors, the Court finds that Plaintiff is entitled to default judgment in her favor. First, Plaintiff is likely to be prejudiced if the Court were to deny her motion. Although Plaintiff could file against Defendant in Washington state court, it is not likely that Defendant would answer there when it has already failed to answer in Washington federal court. Furthermore,

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT * 4**

Defendant is a New York corporation, and it would be a significant burden to require Plaintiff—a resident of Arizona—to file in New York. Second, Plaintiff's claims under the FDCPA have merit. Indeed, Federal Rule of Civil Procedure 8 provides that allegations that are not denied by an answer are deemed to have been admitted. *See Legal Aid Soc. of Alameda Cnty. v. Brennan*, 608 F.2d 1319, 1334 (9th Cir. 1979). Because Defendant never filed an answer in this matter, Plaintiff's FDCPA claims are deemed admitted. Third, Plaintiff's complaint is sufficient. The complaint clearly establishes the elements of an FDCPA claim. Fourth, in light of Plaintiff's claims, the amount of money sought in this case—$1,000 in statutory damages under the FDCPA (the statutory maximum), $3,805 in attorney's fees, and $515 in costs—is neither unreasonable nor excessive. Fifth, Defendant has been given an adequate amount of time to answer and dispute the facts in Plaintiff's claim. Defendant has failed to dispute the facts in Plaintiff's complaint, and disputes appear unlikely based on the affidavits filed in support of Plaintiff's motion. Sixth, based on affidavits filed in support of Plaintiff's motion, Defendant was aware of the lawsuit against it and simply did not respond. Thus, Defendant's failure to respond is not due to excusable neglect. Finally, although there is a strong presumption in favor of deciding cases on their merits, default judgment is warranted in this case. Defendant has failed to defend itself despite Plaintiff's efforts to secure its participation. These factors all weigh in favor of default judgment. Accordingly, the Court grants Plaintiff's Motion for Default Judgment.

Plaintiff also requests attorney's fees and costs in connection with her default judgment. As discussed above, the FDCPA provides that the prevailing party is entitled to an award of reasonable attorney's fees and costs. 15 U.S.C. § 1692k(a)(3). Because the Court grants Plaintiff's Motion for Default Judgment, Plaintiff is a prevailing party entitled to reasonable attorney's fees and costs. Thus, the Court must determine whether Plaintiff's requested fees and costs is reasonable under the lodestar method.

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT * 5**

Here, Plaintiff is seeking a total of $3,290 in attorney's fees and $515 in costs. ECF No. 6 at 14. Plaintiff has introduced exhibits from counsel, a supervising partner at counsel's firm, and his billing sheet in support of this request. Plaintiff argues that her counsel is entitled to fees at an hourly rate of $350 based on his expertise in the area of consumer protection litigation and prior court awards of similar fees. *See* ECF No. 6, Exs. B, C.

The Court concludes that this is a reasonable fee. Plaintiff's counsel exercised discretion in charging billable hours and Plaintiff has completely recovered under the FDCPA. In addition, Plaintiff's counsel took this case on a contingent fee basis; to the extent that counsel's hourly fee skews on the higher end of the spectrum, this is acceptable given the significant risk to counsel for taking a case on a contingent basis. *See* ECF No. 6, Ex. B. Furthermore, Plaintiff's counsel has worked as a litigator on FDCPA claims for four years, and his fee is reasonable based on this experience. Finally, Plaintiff's counsel has been awarded similar awards in other cases, suggesting that the fee sought here is reasonable. Accordingly, the Court grants Plaintiff's request for attorney's fees and costs under the FDCPA.

**Accordingly, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Default Judgment, ECF No. 6, is **GRANTED**.

2. Plaintiff is awarded $1,000 in statutory damages.

3. Plaintiff's request for attorney's fees is **GRANTED** for a total of $3,805 as follows:

    a. $3,290 in attorney's fees; and

    b. $515 in costs.

//
//
//
//

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT * 6**

4. The District Court Executive is directed to enter judgment in favor of Plaintiff in the amount of $4,805.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order, provide copies to counsel, and close the file.

**DATED** this 28th day of October 2019.



Stanley A. Bastian
United States District Judge

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT \* 7**